IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSIE HAYES,** § | | |
| § | | |
| **Plaintiff,** § | | **CIVIL ACTION NO.** |
| v. § | | |
| § | | **SA-06-CV-0319 H** |
| **KONE, INC.,** § | | |
| § | | |
| **Defendant.** § | | |

### ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL

The matter before the Court is plaintiff's second motion to compel (docket entry 31). The motion appears to be made pursuant to Federal Rule of Civil Procedure 37(a). The defendant did not file a response to the motion.

By the motion plaintiff asks the Court to compel defendant to produce information; specifically, interoffice documentation regarding the plaintiff and her complaints of harassment shortly before she was fired, and documentation of complaints made by coworkers sexually harassed by the same supervisor.

While the information sought appears to be directly relevant to the claims in dispute and accordingly discoverable,[1] plaintiff has failed to attach a copy of the discovery request through which these documents were solicited from defendant. It is unclear from the motion whether the items sought were formally requested through a Rule 34 request. The Court can only compel production of documents which were the subject of a proper Rule 34 request. The plaintiff's motion only

---

[1] F.R.Civ.P. 26(b)(1).

1

generally describes the information being sought, and does not include the precise document production requests verbatim which defendant refuses to honor and for which an order to compel is sought. Without this information the Court cannot craft a clear directive to defendant or impose sanctions for continued non-compliance.

For the above reasons, the motion to compel is ORDERED DENIED.  However, defendant is advised that continued failure to produce information which is clearly relevant may result in imposition of expenses and sanctions upon request pursuant to Federal Rule of Civil Procedure 37(a)(4).

**SIGNED** on June 15, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE